IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMIR JORDAN, M45727,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 23-cv-2327-DWD |
| **MS. LLOYD,** | ) |
| **C/O GIBBS,** | ) |
| **NURSE CONNI,** | ) |
| **BERRY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on pro se Plaintiff Jamir Jordan's Amended Complaint (Doc. 12). Plaintiff is currently an inmate of the Illinois Department of Corrections (IDOC), but his complaint concerns events that occurred in 2023 at the Jackson County Jail[1]. The Court dismissed Plaintiff's original complaint because he did not associate any of his allegations with individual defendants, and he did not include an explicit demand for relief. His amended pleading addresses both defects, so the Court now reviews the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous,

---

[1] At the time Plaintiff filed his complaint, he was detained at the Jackson County Jail, but he has since filed a change of address that indicates he is now in the IDOC. (Docs. 1, 10). The Court cannot tell from the timeline of events if Plaintiff was a pretrial detainee at the time he was stabbed, or if he had already been convicted and was waiting for transfer to the IDOC. This detail matters. If he was a pretrial detainee, his claims fall under the Fourteenth Amendment, but if he was already convicted, the claims would fall under the Eighth Amendment.

malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff alleges that on June 5, 2023, while at the Jackson County Jail ("the Jail") he was stabbed in the face, elbow, and chest. (Doc. 12 at 1). He asked Defendant Gibbs for medical attention, but he claims Gibbs must have thought he was joking because he continued walking and simply told him to file a sick call slip for his injuries. Plaintiff filed sick call slips to no avail. A few days later he raised the issue to Defendant Lloyd and told her he had a hole in his mouth that made it hard to eat. He also told Lloyd he had filed sick call slips and grievances to no avail. Lloyd said there was nothing she could do about the situation.

Eventually, Plaintiff's family made a phone call to the jail and a sheriff instructed staff to give him medical attention. Plaintiff saw Nurse Conni, who did not provide care and instead just told him that she would put him in to see the doctor. Plaintiff saw Conni on June 20, 2023, and as of October 27, 2023, he had yet to see a doctor. (Doc. 12 at 1-2, 5). Plaintiff further alleges that he seeks relief from Defendant Berry "for not protecting him and wait 13 days to see me and not letting me see a doctor[.]"

Based on the allegations in the Complaint, the Court designates the following count:

> **Claim 1:** Eighth (or Fourteenth) Amendment deliberate indifference claim against Defendants Gibbs and Lloyd for refusing medical care after Plaintiff's stabbing, despite knowing that he had been stabbed;
>
> **Claim 2:** Eighth (or Fourteenth) Amendment deliberate indifference claim against Nurse Conni for denying or delaying care when she saw Plaintiff on June 20, 2023.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. Berry v. Peterman, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). Id. To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. Id. Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care.

*Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).  If an inmate alleges a delay in treatment, he must present verifying medical evidence that the delay, and not the medical condition itself, cause some harm.  *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013).  He must also show it was the defendant's actions or inaction that caused the delay in treatment.  *Walker*, 940 F.3d at 964.

Here, Plaintiff may proceed against Defendants Gibbs, Lloyd, and Conni, because he alleges that these parties either denied or delayed his access to care for stab wounds. Although the Court has no specific evidence about the extent of Plaintiff's injuries, it will assume at this juncture that a stab wound is an objectively serious injury that would warrant medical attention.  Plaintiff also noted that he had a "hole" in his mouth that made it difficult for him to eat.  For now, these allegations are sufficient to proceed.  The Court also notes that, as explained in footnote 1, if Plaintiff was a pretrial detainee at the time he sustained these injuries, the standards would be even more forgiving than what is described in the previous paragraph in relation to the Eighth Amendment.

However, the Court will not allow Plaintiff to proceed against Defendant Berry, because it is not clear what Berry specifically did that caused Plaintiff harm. An Eighth Amendment failure-to-protect claim consists of an objective and a subjective component. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015).  First, the harm to which an inmate is exposed must be an objectively serious one.  Second, the defendant must have "actual, and not merely constructive, knowledge of the risk" that serious harm exists, and the defendant must also draw that inference.  *Id.*  Plaintiff suggests that Berry failed to protect him, but he does not describe what Berry knew about a potential stabbing before the fact,

or how Berry had a chance to intervene. He also suggests Berry delayed his medical care, but he does not say what Berry's role was in any delays. It is not clear if Berry is another jail guard, if he was a part of the jail medical staff, or if he was some other sort of jail official. Without more information, the allegations against Berry are insufficient and will be dismissed for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Amended Complaint (Doc. 12) survive initial screening as described above against Defendants C/O Gibbs, Lloyd, and Nurse Conni. By contrast, all claims against Defendant Berry are dismissed without prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** Berry.

The Clerk of Court is **DIRECTED** to prepare for Defendants C/O Gibbs, Nurse Conni, and Ms. Lloyd: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 12), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for

sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to enter the standard HIPAA order in this case.

**IT IS SO ORDERED.**

Dated: December 21, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.