IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIR JORDAN, M45727, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 23-cv-2327-DWD ) |
| KELSEY LLOYD, JUSTIN GIBBS, and CONNIE FALKENBERRY, | ) ) ) ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Jamir Jordan, a detainee or inmate at the Jackson County Jail (Jail)[1], brought this civil rights action pursuant to 42 U.S.C. § 1983 concerning medical care that he sought and received at the Jail. Defendant Falkenberry filed a Motion for Summary Judgment (Doc. 38) on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff was advised of his opportunity to respond (Doc. 43) but did not formally respond. Based upon an assessment of the evidence and arguments, it is appropriate to grant Defendant Falkenberry's Motion, but the case will continue as to Defendants Lloyd and Gibbs who did not seek summary judgment on the issue of exhaustion.

---

[1] At the time of filing this case, Plaintiff was still detained in a county jail in Illinois (Doc. 1), but he has since been transferred to the custody of the Illinois Department of Corrections (IDOC) and is currently located at Big Muddy River Correctional Center.

## BACKGROUND

Plaintiff alleged in his Amended Complaint (Doc. 12) that he was stabbed by a fellow inmate on June 5, 2023, at the Jail. Relevant to the pending motion, he alleged that he after the incident he placed many sick call requests, and his family contacted the Jail to seek medical attention on his behalf. (Doc. 12 at 1-2). Plaintiff claimed that eventually he was allowed to see the nurse (Defendant Falkenberry) on June 20, 2023. (Doc. 12 at 5). He alleged that Falkenberry put him in to see a doctor, but as of late-October 2023, he had yet to see a doctor. (Doc. 12 at 1-2).

Based on the allegations in the Amended Complaint, the Court designated one claim against Falkenberry:

> **Claim 1:** Eighth or Fourteenth Amendment deliberate indifference claim against Nurse Conni for denying or delaying care when she saw Plaintiff on June 20, 2023.

(Doc. 15 at 3).

Defendant Falkenberry moved for summary judgment, and in support of her motion she submitted the Jail handbook and Plaintiff's relevant grievance documentation. (Docs. 38-1, 38-3).

## FINDINGS OF FACT

The Jail handbook describes the grievance process as a multi-stage process. First, an inmate must attempt to informally resolve a grievance with staff. (Doc. 38-1 at 21). If the informal resolution does not work, an inmate may file an electronic grievance via a kiosk within 24 hours of the incident. Staff has 72 hours to respond. Once a response is received, an inmate may lodge an electronic appeal within 24 hours of the response. The

facility has 72 hours to respond, and once a supervisor responds, Plaintiff may appeal the supervisor's response within 24 hours. At the third level of review, the Jail Administrator has 5 days to respond. If Plaintiff wants to contest the Administrator's finding, he may forward any further complaint to the Illinois Department of Corrections' Jail and Detention Standards Unit. (Doc. 38-1 at 21).

Plaintiff filed just one grievance after seeing Falkenberry. The grievance was filed on June 25, 2023, and stated, "[I] still ain't saw a doctor my face hurt still its hard to sleep on have no meds or nun." The grievance was returned on June 26, with a notation, "This is not a valid grievance. You have failed to note the Deputy, date, and time you have attempted to resolve this issue." (Doc. 38-3 at 2). Plaintiff appealed the same day with the notation, "its not wym." (Doc. 38-3 at 1). On June 27, a Jail official again indicated the grievance was invalid for the reasons previously identified. (Doc. 38-3 at 2). There is no indication Plaintiff appealed further.

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is

not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The court is not required to conduct an evidentiary hearing if there is no genuine dispute of material fact, and the determination is purely legal. *See e.g., Walker v. Harris*, 2021 WL 3287832 * 1 (S.D. Ill 2021); *Miller v. Wexford Health Source, Inc.*, 2017 WL 951399 *2 (S.D. Ill. 2017).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

As an inmate or detainee at the Jackson County Jail, Plaintiff was required to follow the grievance procedure set forth in the Jail's handbook. That procedure required Plaintiff to follow four steps, with the final step being an appeal to Illinois Department of Corrections' Division of Jail and Detention Standards.

B. Analysis

The Court finds that the Motion for Summary Judgment can be granted on paper because there are no genuine disputes of material fact. The Jail handbook required Plaintiff to file a grievance within 24 hours of attempting an informal resolution. (Doc. 38-1 at 21). Plaintiff alleged in the complaint that he saw Falkenberry on June 20, 2023, but he did not file his only possibly relevant grievance until June 25, 2023. This is certainly more than 24 hours past his interaction with Falkenberry. As responding Jail staff noted, he also did not describe the specifics of the incident or his attempts to resolve it. Even if Plaintiff's grievance was considered substantively sufficient against Falkenberry, he did not appeal it to the Jail Administrator or the Illinois Department of Corrections. As such, Plaintiff did not exhaust his administrative remedies for his claim against Falkenberry, so summary judgment will be granted in Falkenberry's favor.

On December 3, 2024, Plaintiff submitted a letter to the Court wherein he recited the basic factual allegations from his complaint but said nothing about the issue of exhaustion specifically. (Doc. 44). In the letter he complains that he feels he is being mistreated in this case because he has received a hard drive that the prison will not let him review or does not have equipment to review. He further complains he is not getting the help he needs to proceed with his case, and that he was denied recruited counsel. The

Court does not view this letter as impacting the outcome as to Defendant Falkenberry. It is not clear who might have sent Plaintiff a "hard drive" of materials, and if those materials are related to this case or another case. The only materials relevant from Defendant Falkenberry are the 34-pages attached to the Motion at document 38, which counsel averred were sent to Plaintiff. The Court also re-sent Falkenberry's materials on November 13, 2024, along with a Notice describing the steps to respond to Falkenberry's motion. (Docs. 42, 43). Rather than respond to the limited issues about the grievance process, Plaintiff sent the letter described in this paragraph.

Plaintiff's letter neither changes the Court's earlier rulings on his requests for counsel, nor does it convince the Court he was not capable of responding to Defendant Falkenberry about his use of the grievance process. If Plaintiff believes later in this case that he needs counsel to proceed against Defendants Lloyd and Gibbs, he must file a new Motion for Recruitment of Counsel and he must include proof of his efforts to contact at least three attorneys to assist him.

## DISPOSITION

Defendant Falkenberry's Motion for Summary Judgment on the issue of exhaustion (Doc. 38) is **GRANTED**. Defendant Falkenberry's Motion to Dismiss or Compel (Doc. 39) is **DENIED** as **MOOT** in light of this dismissal. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant Falkenberry and to enter judgment in Falkenberry's favor at the close of this case.

As for Defendants Lloyd and Gibbs, they did not file a motion for summary judgment on the issue of exhaustion by the May 6, 2024, deadline (Doc. 36), so the Court

now views the affirmative defense as waived. *See Bowman v. Korte*, 962 F.3d 995, 997-98 (7th Cir. 2020) ("Scheduling orders and court-imposed deadlines matter."). A merits discovery schedule will issue by separate order.

**IT IS SO ORDERED.**

Dated: December 30, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge